how much time he or she would like for a rebuttal. Would the clerk call the first case please? 134084 Karen Russell v. Catholic Health Partners at all Healthcare Partners at all Arguments not to exceed fifteen minutes per side Mr. Wallover for appellant Your Honor, I would like to reserve four minutes for a rebuttal. Fine. May it please the court Mr. Bacon I'm John Wallover and I represent the appellant Karen Russell. You're aware this is an ERISA claim and uh... we have three distinct issues before you and I will start briefly with the jurisdictional issue which I think is a unique issue for this court. I will point out that uh... also before the case that the decision was reported it wasn't my doing but somebody pointed out to me that I may be in the wrong court and in fact there may not be jurisdiction that we were dealing with a church plan. As a result of that I filed a rule sixty B motion uh... I asked for limited discovery to determine that fact the magistrate denied the request for discovery and held that uh... their decision in the ADVEST case which is cited in the briefs was controlling. The district court agreed with that and uh... oddly said that I had not proved that whether or not this was a church plan in addition to uh... the ADVEST ruling. But the ADVEST ruling is that it's not jurisdictional, right? Exactly. And if it's not jurisdictional then you raised it too late. Absolutely. And so the case should go forward to us in whatever fashion. Right. And the distinction and and I'm not going to spend a lot of time on this because I think it's a pretty much a new issue your honor is a church plan uh... a type of plan which congress drew a bright line and said this does not apply under the ERISA statute. You'll see under twenty nine USC uh... one thousand three it says just that. That a church plan does not apply as does not a government plan. And it basically says it doesn't apply to this chapter or subchapter which extends to twenty nine USC eleven ninety one or two I believe. I think that that distinguishes itself from your ADVEST decision because ADVEST did say in that case it involved a top hat whether it was a top hat plan or not and ADVEST said well if congress clearly enunciates uh... that it does not want federal court jurisdiction then it doesn't apply. Keep in mind in ADVEST your court ultimately decided that there was jurisdiction under twenty eight USC thirteen thirty one uh... and to find a federal question they cited to uh... section five oh two of the ERISA law which is I believe it's eleven thirty two or thirty three and that's that's what gives uh... courts jurisdiction over ERISA claims. So I go back to uh... section eleven or excuse me one oh oh three which says it just doesn't apply. Government plans don't apply and church plans don't apply. And I know you have other decisions that we've cited to you mostly district court cases and also the Chronister case out of another district uh... that says it's jurisdictional. I don't think those courts have really addressed it the way you're being asked to address it today. Is it subject matter jurisdiction or as you suggested under ARBA or at ADVEST uh... is it just uh... failure to state a claim? And I'll leave you with that. There's uh... there's not much to give you other than that. I think it's pretty much an issue of first impression. Now if you get beyond that let me address the two other issues in this case. The first issue I'll address is the statute of limitations claim. As you're aware the magistrate ruled that uh... under the terms of the contract a lawsuit must be filed within three years of the date a proof of claim is required. And that's the standard contractual language for long-term disability plans. And the magistrate ruled that the first time or the time that a proof of claim was required was in fact ninety days after the what they call the elimination period and that would have been uh... I believe February of 08. The lawsuit was instituted in March of 11 ergo we're late. That decision's wrong for several reasons and I point that out. First of all the plan doesn't say the first time a proof of claim is required is when the statute starts. It doesn't say that. And throughout this case there were many demands for proof of claim. But is each time that the plan asks for more information is that constituting a new proof of claim? I would say yes it is and that's consistent with the Mock case out of the Ninth Circuit uh... which said that if a plan requests proof of claim and they use the same language. Now interestingly in Mock uh... Unum the insurer did not use the same language. In this case they use the exact same language in the in the letters to Miss Russell they say proof of claim uh... they define proof of claim right out of the policy in those letters. So yes it does trigger that and that's consistent with the uh... District Court case of uh... uh... Worthington v. White out of uh... Southern District of Ohio. Same thing the court says if a letter is sent that triggers the statute. You know I understand your argument and it is sort of ironic that uh... we would peg the limitations period for what I kind of think of as the gainful employment claim to uh... time before frankly she would be in a position to present proof on that. Absolutely. I'll grant you that point but I I wonder if this language reads more almost like a statute of repose you know that uh... you have to file within three years of uh... the date you have to provide the proof of claim and then that date is itself defined in the contract it's not sort of out you know in the ether it's in the contract and and it's pegged to end of elimination periods plus six months. Well. And query whether that just creates a hard three month period. Three year period. You know I'm sorry yeah uh... at by the end of which no matter what you have to have filed in federal court or in some court. That's a good point and I would say uh... UNUM could have put that in the contract and made that clear it didn't. Well but I guess I'm wondering why isn't it clear in the contract I mean doesn't the contract define the date on which proof of claim. Well actually one of my arguments is it gives two dates it gives you that first date and then it says in the contract if that's not possible you have another year to file the proof of claim and that's in the record. But to answer your question logically the reason that shouldn't apply is this case. Ms. Russell was found disabled under the first twelve months on a mental disability. On the second twelve months on a physical disability which is inability to do your job and then as you're aware the third twelve or the beyond twenty four months is the inability to do any job for which you're you're suited. So the proof is different. The proof is different. So under another theory could be that each time different proof is required not additional proof of the same claim but a different claim is involved. Absolutely and even the magistrate recognized that in his decision he said that had some persuasion unfortunately not enough persuasion. But even in if you look at the record and I know I cite this I can't right now give you the site but that Unum in its second determination which was October of 08 Unum says well you're disabled and you're eligible for another twelve months and Unum says to answer your question now we will start to look at your claim for continuing benefits. So even Unum doesn't look at it. And I would say that the the question of do letters trigger it that's what that's what the courts have said. Even the the Himesoft case which is the Supreme Court case as you're aware that says we can you can start the statute running before the claim accrues. Even at the district court level and I think the Supreme Court noted this they said well there was a letter asking for proof at a later time but even using that date you're too late. And so the question for you what impact if any does the fact that in the first year she was ruled disabled in terms of mental does that give her extra time to is there a period that doesn't count against the statute of limitations because she's disabled mentally? I don't think so not in this case her disability was a extreme anxiety and there's no suggestion that she's incompetent she couldn't perform her job but she's not incompetent. Just one final point I want to address the substance of the claim a little bit and that is is that the definition of when you must file the proof of claim does give you two dates as I said the year and then later. One other point. Your contention that the are you talking about the ninety days or one year? It says it's due ninety days after the elimination period but then it says if you can't do it by then you have one year to do it. Is it your contention that the one year date is applicable here? My primary contention and I think it's consistent with the Mock decision and the Worthington decision is it starts the last time Unum requires proof of claim. That's my contention but that would be a fallback argument and requires in your case presumably, right? Exactly. So is it your contention that the one year period did apply in your case? It did because in the case and you can look at the record in December of 07 Unum tells Ms. Russell you've got, you know, you must provide proof of claim and she does that in April of 08 and those are the doctor's records. I note I'm out of time. I haven't addressed my further issue. Let me address that for a minute and I will, if I can, use one last minute if that's okay. On the substantive claim, the primary problem with the decision-making process of Unum is that it discounts objective evidence of pain. Antalgic gait, you said that in the Brookings case, that's objective evidence. Limping is objective evidence. And Unum says simply without an IME, any kind of medical review, it does a paper review and rejects that. It, that would, I will address other questions as they come up later and I'll reserve the rest of my time. Thank you. Thank you. Your Honors, if it please the court and hello Mr. Waller, I'm with my colleague Olivia Southam here today and I represent both Catholic Health Care Partners LTD plan and Unum Life Insurance Company of America. I would point out procedurally that in addition to the ERISA basis for jurisdictions, there's also a diversity basis because in my humble opinion the plan is not a necessary party as the court has ruled in many other cases. So if for some reason you choose to overrule ADVEST, which I think clearly applies, I think there's also diversity jurisdiction. Now speaking to what I'll call for, I think the statute of limitations speaks for itself. I think every case has addressed this, including Your Honors case in Rice and the United States Supreme Court's case in Heimshoff had the same fact as this. They did not parse between the language of different claims. Why aren't there different claims here though in terms of the first two years being inability to do your occupation whereas after that the question is whether your situation, your disability prevents you from doing any occupation. So why isn't at least that requiring new proof of claim? It just simply does not and if you look at the record, Your Honor, it was presented on both the mental and the orthopedic basis initially in the initial proof and as Magistrate Judge Kemp said in the White v. Worthington case, Your Honor, we look not at the letters but we look at the contract. But the problem that I'm having is what someone who's disabled in the beginning would need to show would be that she's disabled from her job. And she might have certain disabilities that in fact prevent her from doing her job but don't prevent her from doing any gainful employment. So she might not have any proof and not even need to show any proof of this more onerous standard which applies after two years. So I don't understand logically from your contractual language in your contract or any other argument why that isn't two separate matters. Because it's a continuing claim, Your Honor. Remember this is a group policy as distinguished from an individual policy and you would lose eligibility where there is a gap. It has to be a continuing claim or it has to relate back to a disabling event before. Because different than an individual policy it is group and you have to show continuing disability. So it's a matter of what level of support you have to show to continue your claim. The way the policy defines a claim, and I understand your confusion, is it has to be a claim at the outset. It has to be a valid claim and it must continue. The standard to determine that claim admittedly changes. If you look at the record, Your Honor, at 181, I think it will be clear because it goes through how do you file a claim, you file a proof of claim, and thereafter we may request that you send proof of continuing disability. So I would submit to Your Honors that the contract contemplates that the language changes and what we're looking at may change. For example, for a period of time it may be your mental component that disables you. For a period of time thereafter it may be the orthopedic component that disables you. But it's a continual claim of disability. Because if you look at the eligibility provisions, if you are not working and you don't have a continuing claim or can relate back to initial claim, you're no longer a covered, eligible employee. Suppose that your plan provided for the new standard to apply in year four instead of in year two, at the end of year two, and the limitations period in the contract is still the three-year period. Would that then mean that people would have to file suit before the new standard applies? I think that's a good question. I think that's where both Heimschoff and this apply reasonability. And we've looked at the cases. For example, I think it was Rice, and forgive me if I've got the wrong number, the wrong case, that permitted, that found seventy-one days left in the period to be reasonable. In other words, Heimschoff directs and this court and Rice direct that if the time has expired, we will add on a reasonable time period. I was telling my colleague as we drove down, I think of that as I think of international soccer. There's a timeout and we will fix a reasonable time period at the end so as not to deprive the claimant of summary. Kind of an unhappy analogy. I know. It's the best I could think of. I know it's not a good one. Have you changed your contracts? Pardon me? Have you changed the language in your contracts? Not to my knowledge, not in the cases I see, but remember judge, I'm not up to date because I see old contracts. You're going to let the judges decide what's reasonable and what's not reasonable? Yes. I mean, that's the current state of the law. We follow the law. So the answer is yes. And I think every case that looks at this addresses Judge Moore's question and says we will then determine whether that remaining time period is reasonable. Well, if we can do that, why can't we determine that in this case it was unreasonable? Well, I'm respectful of whatever you do, but I think if you follow your own precedent and Heimschach, you will find this supportable and reasonable. For example, in this case there were seven months left, Your Honor. Is there any question this person would be eligible but for the statute of limitations? I don't know that. I can't answer that because the Social Security opinion, to quickly switch to the merits, found her capable of sedentary work. So if by eligible you mean eligible to file a claim, that's a complicated question because she would lose eligibility since she's no longer an employee. I don't know that I can answer that, Your Honor. Do you want to add anything about the merits? I think the merits are simple. Both the orthopedic physician, Dr. Raines, who was brought in obviously by the GP for a look, said she was capable of sedentary work. And as Judge Moore has said, she was a standard after twenty-four months. And Social Security, interestingly enough, and I'm sure you've seen enough of these to know, found her capable of sedentary work. So I think under Sixth Circuit... I thought that sedentary work requires a sit-stand. You have to be able to stand for various periods. Is that true under your policy? We just say sedentary. We don't insure a particular job at either level. We insure the job as it exists in the national economy. They did a vocational review, which is in the record. I'm sorry, Your Honor, I don't have the site. And they found jobs that fit the definition of both the Social Security Administration and as described by Judge Raines. Excuse me, Dr. Raines, I'm sorry. I think that's the simple answer rather than getting into a detailed argument on the merits that her own orthopedic physician found her capable of sedentary work. For some reason I thought that her own physician did not find her capable of sedentary work, but had a different terminology that he was using. Am I wrong about that? Well, we have two physicians. She had a GP whose name escapes me, and I apologize because I look quickly at Dr. Raines. She did have another physician, Your Honor, and perhaps that one said something different, and I'm not remembering it. Well, that's all I have. Thank you for your patience. I suppose I'm down to three minutes now. Okay, very briefly. That's a good point, Judge Moore, you raised about is it a claim or proof, and the policy, according to Mr. Bacon, says it is one claim. Well, that doesn't really address it, because the real question is what proof is needed and what proof has to be submitted? And again, Unum said we won't even look at the third level until sometime in late 08 or 09. But the critical point that your opponent is making is that this is one continuing claim as opposed to separate claims, and don't we have to look at the language of the policy? Oh, absolutely, look at the language, but look... What language do you point to? I point to the words proof of claim, whether it's one claim or not. You know, there's a lot in this policy that... Doesn't that hurt you? I mean, because that creates a distinction between a claim and the proof. And I think what your opponent is saying is it's one claim. The proof necessary might change over time, but it's one claim. It's one claim, but there is different proof required. And different proof... We're really... The first two twelve-month periods are not at issue. She was eligible. It's really this last issue. And later in the time frame is when Unum said, show us proof of claim. They put that in letters. Suppose that what happens to someone is that they are claiming disability on the basis of some accident that happens. And they get better from that. And then some other item prevents them from working. Would those be two separate claims? If they're with... Well, they could be, but if they're in the same claim period, and they're saying, we can't be... You know, I can't work now because of this reason, I think then it would be one claim. It's different proof. I think this is semantics, which the policy could clarify, but has not. And we're left with this. Okay, on the merits, your opponent says that your doctor finds that she could do sedentary work. How do you respond? Absolutely not. Let me respond this way. Every citation by Dr. Raines, who's a board-certified orthopedic surgeon skilled in ankle and foot reconstruction, everything in writing he says the most she can sit is three hours. He also says in response to UNAMS, and I'll give you the site, it's at AR 1217. They send him a questionnaire, and they say, do you still give restrictions supporting Ms. Russell's inability to work at any level? He says, yes. The next question says, or third question, if you support her inability to work at any level, tell me her restrictions. He does say, as you questioned, he says sit down only. That's not sedentary. Sedentary does require a standing period, and I would note that all the reports have objective evidence that she's a fall risk. She has ontologic gait. She limps. How much evidence is required to show objective evidence of osteoarthritis? Your opponent said that she had been given Social Security benefits on the basis of sedentary only. Is that? No. There is one reference to a paper only review of her record. We don't know what Social Security says. It's not in the record, but that one paper review, which is back in, I think, 07, says, does give her a more than sedentary level of functioning. However, I know how this court and how Social Security discounts that record, and I point out that none of the records in here would have been available to that doctor at that time. So keep that in mind in determining whether this was a reasoned decision. This decision, and I'll if I may finish this one thought, this decision is based upon Dr. Bress discounting the treating physician, Dr. Marcus, and discounting the IME that we got that said she's disabled, and saying none of that's valid because he goes back to look at Social Security counseling records and says, well, she could sit for an hour, hour and a half. There's no record of complaint of pain. You'll see that reference at 1330, and that's why, one good reason why this is unreasonable. Thank you. The case will be submitted. Thank you both for your argument. Would the clerk call the next case, please?